Mr. Justice Moore
delivered the opinion of the Court.
Plaintiff in error will be referred to as the defendant or Georges, and the defendants in error will be referred to as the Vahldicks or as the plaintiffs. The case involves a dispute over the alleged unlawful conduct of Georges in diverting water from a stream in Custer county.
Georges is here on writ of error to review a judgment entered by the trial court in which it was ordered that he should install, at a point described, “a measuring device through which the amount of water running in the Conradt Ditch can be determined.” This ditch was the carrier of water belonging to the plaintiffs. The trial court further
“ORDERED, ADJUDGED and DECREED, that the Defendant, E. H. Georges, his agents or employees be, and are hereby permanently enjoined and restrained from interfering with the banks or flow of water in Macey Creek and the Conradt Ditch.”
The defendant was an adjudicated appropriator of water out of a stream known as North Macey Creek. Another stream known as Macey Creek ran in a direction which was generally parallel to North Macey *280 Creek. The plaintiffs were appropriators of water from Macey Creek and they complained that Georges was opening the banks of Macey Creek and placing obstructions to the natural flow of the waters therein in such a way as to carry Macey Creek waters across the area between the two parallel streams into North Macey Creek and thus increase the amount of water flowing in North Macey Creek to his advantage and to the detriment and loss of the plaintiffs.
The trial court, with commendable patience, listened to much argument and evidence, some of which involved the probable condition existing upon the two streams at the time water appropriations were made thereon in about the year 1860. The trial court visited the points on both streams which were pertinent to the issues being heard.
There was evidence of conduct on the part of the defendant which justified the injunction in so far as it prohibited him from diverting water from Macey Creek into North Macey Creek and thus increasing the amount of water available in the latter stream from which his adjudicated water was to be supplied. The injunction had no relation to any matter bearing upon water rights not specifically mentioned in this controversy. Moreover, any rights or priorities to the use of water from Macey Creek which were not in controversy in this action are not in any manner involved in the injunctive decree. The sole question for our determination on the injunction phase of this controversy is whether there was sufficient evidence to justify the issuance thereof. We find ample evidence warranting the action of the trial court.
The judgment is affirmed as to that portion thereof in which injunctive relief is granted.
We now direct attention to that portion of the judgment which directs that Georges should, at his own expense, install “a measuring device through which the amount of water running in the Conradt Ditch can be *281 determined.” It is admitted that the defendant has no interest in the Conradt Ditch and claims no rights in any of the water decreed to it. No authority is presented by counsel for the plaintiffs purporting to support the proposition that the defendant should be required to install a measuring device to determine the amount of water which runs in a ditch in which he claims no interest. C.R.S. 1963, 148-7-13 places this responsibility upon the owners of the ditch.
The judgment is reversed as to that portion thereof which requires the defendant to install a measuring device.